EBCVSANP                        Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                              14 CR 590 (PGG)

5   SERGIO SANTOS,

6                Defendant.

7   ------------------------------x

8                                           New York, N.Y.
                                            November 12, 2014
9                                           2:45 p.m.

10
    Before:
11
                     HON. PAUL G. GARDEPHE,
12
                                            District Judge
13

14                           APPEARANCES

15
    PREET BHARARA,
16       United States Attorney for the
         Southern District of New York
17  MEGAN GAFFNEY
         Assistant United States Attorney
18
    JEREMY HOLLEMBEAK
19       Attorney for Defendant

20  ALSO PRESENT:  JORDAN FOX, Spanish Interpreter

21

22

23

24

25

EBCVSANP                          Plea

1          (Case called)

2          THE COURT:  All right.  I'm told that the defendant

3   has an application to enter a plea of guilty.  I believe it's

4   to an information.  Is that true?

5          MR. HOLLEMBEAK:  That is correct, your Honor.

6          THE COURT:  Mr. Ruocco, would you please swear in the

7   defendant.

8          THE DEPUTY CLERK:  Yes, your Honor.

9          (Defendant sworn)

10          THE COURT:  Mr. Santos, you should understand that you

11   are now under oath.  And if you answer any of my questions

12   falsely, your answers may later be used against you in another

13   prosecution for perjury or making a false statement.

14          Do you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  I have a written advice of rights form

17   before me in Spanish that appears to have been signed by you

18   and by your attorney.

19          Is this your signature on the advice of rights form?

20          THE DEFENDANT:  Yes.

21          THE COURT:  I will mark it as Exhibit 1 to these

22   proceedings.

23          I've also been handed a plea agreement.  I'm going to

24   mark the plea agreement as Exhibit 2 to these proceedings.

25          Is this your signature on the plea agreement?

1           THE DEFENDANT:  Yes.

2           THE COURT:  Before deciding whether to accept your

3    guilty plea, I am required to ask you certain questions.  It's

4    important that you answer these questions honestly and

5    completely.

6           The purpose of these proceedings is to make sure that

7    you understand your rights, and for me to make certain that

8    you're pleading guilty of your own free will, and to make sure

9    that you're pleading guilty because you are, in fact, guilty,

10   and not for some other reason.

11          Do you understand that?

12          THE DEFENDANT:  Yes.

13          THE COURT:  If you don't understand any of my

14   questions or you want to consult with your attorney at any

15   time, please say so, because it is important that you

16   understand every question before you answer.

17          Could you state your full name for the record, please.

18          THE DEFENDANT:  Sergio Martin Santos Ruiz.

19          THE COURT:  And how old are you?

20          THE DEFENDANT:  Forty-eight years old.

21          THE COURT:  And how far did you go in school?

22          THE DEFENDANT:  To high school.

23          THE COURT:  Have you ever been addicted to any drugs

24   or alcohol or been treated for any addiction?

25          THE DEFENDANT:  No.

EBCVSANP                        Plea

1              THE COURT:  Are you now or have you recently been

2      under the care of any kind of a doctor?

3              THE DEFENDANT:  No.

4              THE COURT:  In the past 24 hours, have you taken any

5      drugs, medicine, or pills, or drunk any alcohol?

6              THE DEFENDANT:  No.

7              THE COURT:  Is your mind clear today and do you

8      understand what's happening?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Mr. Hollembeak, do you have any doubt as

11     to Mr. Santos's competence to plead guilty this afternoon?

12             MR. HOLLEMBEAK:  No, your Honor.

13             THE COURT:  Then on the basis of Mr. Santos's

14     responses to my questions, and my observations of his demeanor,

15     I do find that he's competent to enter an informed plea.

16             Mr. Santos, have you received a copy of the

17     information in this case which contains the charge against you?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And has it been read to you in Spanish?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do you want me to read it to you now, here

22     in open court?

23             THE DEFENDANT:  No.

24             THE COURT:  You should understand that you are charged

25     in the information with a felony offense of violating Title 18,

EBCVSANP                         Plea

1   United States Code, Section 1956(h), by willfully and knowingly

2   and conspiring with others to commit money laundering in this

3   case, with a specific intent to promote narcotics trafficking

4   and to conceal the proceeds of narcotics trafficking.

5               Do you understand that that is the charge against you?

6               THE DEFENDANT:  Yes.

7               THE COURT:  Have you had enough time to discuss your

8   case with your attorney?

9               THE DEFENDANT:  Yes.

10              THE COURT:  Have you discussed with him the charge

11  against you, including your intention to plead guilty?

12              THE DEFENDANT:  Yes.

13              THE COURT:  Have you discussed with him any possible

14  defenses you might have to the charge, as well as all the facts

15  about your involvement in this matter?

16              THE DEFENDANT:  Yes.

17              THE COURT:  And has your attorney told you about the

18  consequences of pleading guilty?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Are you satisfied with your attorney's

21  representation of you?

22              THE DEFENDANT:  Yes.

23              THE COURT:  Now, I understand with respect to the

24  waiver of indictment that the defendant entered a waiver of

25  indictment some time ago, back in September of 2014; is that

EBCVSANP                         Plea

1    correct?

2              MR. HOLLEMBEAK:  Yes, your Honor.

3              THE COURT:  Mr. Santos, I am required to advise you of

4    certain constitutional rights that you have.  These are rights

5    you'll be giving up if you enter a guilty plea.  Listen

6    carefully to what I'm about to say.  If you don't understand

7    something, stop me, and either myself or your attorney will

8    explain the matter to you more fully.

9              Under the Constitution and laws of the United States,

10   you have a right to a speedy and public trial by a jury on the

11   charge contained in the information.

12             Do you understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  If there were a trial, you would be

15   presumed innocent, and the government would be required to

16   prove your guilt by competent evidence and beyond a reasonable

17   doubt.  You would not have to prove you were innocent at a

18   trial.

19             Do you understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  If there were a trial, a jury composed of

22   12 people selected from this district would have to agree

23   unanimously before you could be found guilty.

24             Do you understand that?

25             THE DEFENDANT:  Yes.

EBCVSANP                      Plea

| | |
|---|---|
| 1 | THE COURT:  If you decided to go to trial, at that |
| 2 | trial and at every stage of your case, you would have the right |
| 3 | to be represented by an attorney.  And if you could not afford |
| 4 | one, an attorney would be appointed to represent you at |
| 5 | government expense and at no cost to you. |
| 6 | If you retained a lawyer, and you ran out of money, an |
| 7 | attorney would be appointed to continue to represent you and to |
| 8 | handle your case all the way through trial, and not just for |
| 9 | purposes of a guilty plea.  So your decision to plead guilty |
| 10 | should not depend on whether you can afford a lawyer. |
| 11 | Do you understand that? |
| 12 | THE DEFENDANT:  Yes. |
| 13 | THE COURT:  If there were a trial, you would have the |
| 14 | right to see and hear all the witnesses against you, and your |
| 15 | attorney could cross-examine them.  You would have a right to |
| 16 | have your attorney object to the government's evidence, and to |
| 17 | offer evidence on your behalf if you so desired.  You'd also |
| 18 | have the right to have subpoenas issued, to compel witnesses to |
| 19 | testify in your defense. |
| 20 | Do you understand that? |
| 21 | THE DEFENDANT:  Yes. |
| 22 | THE COURT:  If there were a trial, you would have the |
| 23 | right to testify, if you wanted to, but no one could force you |
| 24 | to testify if you did not want to.  Furthermore, no inference |
| 25 | or suggestion of guilt could be drawn if you chose not to |

EBCVSANP                    Plea

 1    testify at trial.

 2            Do you understand that?

 3            THE DEFENDANT:  Yes.

 4            THE COURT:  If you were convicted at a trial, you

 5    would have the right to appeal that verdict to a higher court.

 6            Do you understand that?

 7            THE DEFENDANT:  Yes.

 8            THE COURT:  Even now, as you're entering this plea,

 9    you have the right to change your mind, plead not guilty, and

10    go to trial on the charge contained in the indictment -- I'm

11    sorry, the information.

12            Do you understand that?

13            THE DEFENDANT:  Yes.

14            THE COURT:  If you plead guilty and I accept your

15    plea, you'll give up your right to a trial and the other rights

16    I just discussed, other than the right to a lawyer, which you

17    have regardless of whether or not you plead guilty.

18            If you plead guilty, I will enter a judgment of guilty

19    and sentence you on the basis of your plea after I have

20    considered a presentence report and whatever submissions and

21    arguments I receive from the lawyers.

22            Do you understand that?

23            THE DEFENDANT:  Yes.

24            THE COURT:  If you plead guilty, you will have to give

25    up your right not to incriminate yourself, because I will ask

you questions about what you did in order to satisfy myself

that you are guilty as charged, and you will have to admit and

acknowledge your guilt.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  As I mentioned a moment ago, the

information charges you with conspiring to commit money

laundering; and it alleges that you engaged in this crime at

some point between 2012 and 2014.

I must now tell you the elements of that offense.

This is what the government would have to prove beyond a

reasonable doubt if the case were to go to trial:

First, the government would have to prove the

existence of the conspiracy charged in the information; in

other words, that at some point between 2012 and 2014, there

was, in fact, an agreement or understanding between two or more

people to violate those provisions of the law that make it a

crime to commit money laundering.

Now, let me explain what money laundering is.

A person commits money laundering when he or she

conducts or attempts to conduct a financial transaction

involving property that is known to that person to be the

proceeds of what the law refers to as specified unlawful

activity, in this case, narcotics trafficking.  And that person

acts with the intent to promote that specified unlawful

EBCVSANP                    Plea

1    activity, and acts with the intent to conceal or disguise the

2    nature, location, source, ownership, or control of that

3    property.

4            The second element of a conspiracy to commit money

5    laundering that the government must prove beyond a reasonable

6    doubt is that you knowingly and willfully became a member of

7    that conspiracy; that is, that you knowingly associated

8    yourself with a conspiracy, and you participated in the

9    conspiracy to commit money laundering.

10           Do you understand that these are the elements of the

11   offense charged in the information?

12           THE DEFENDANT:  Yes.

13           THE COURT:  And do you further understand that the

14   government would be required to prove these elements beyond a

15   reasonable doubt?

16           THE DEFENDANT:  Yes.

17           THE COURT:  I must tell you the maximum and any

18   minimum possible penalty for this crime.  The maximum means the

19   most punishment that could possibly be imposed.  It does not

20   necessarily mean that is what you will receive, but you have to

21   understand that by pleading guilty, you are exposing yourself

22   to the possibility of receiving any combination of punishments

23   up to the maximum I'm about to describe.

24           Do you understand that?

25           THE DEFENDANT:  Yes.

EBCVSANP                    Plea

1              THE COURT:  The offense charged in the information

2       carries a maximum sentence of 20 years imprisonment.  Any term

3       of imprisonment may be followed by a maximum of three years of

4       supervised release.  "Supervised release" means that if you are

5       sentenced to prison, after you are released from prison, you

6       will be subject to supervision by the U.S. Probation Office.

7       There will be rules of supervised release that you will have to

8       follow.  And if you violate those rules, you can be returned to

9       prison without a jury trial to serve additional time even

10      beyond your original sentence.

11             In addition, the crime to which you're pleading guilty

12      carries a maximum fine of the greatest of $250,000, twice the

13      gross pecuniary gain derived from the offense, or twice the

14      gross pecuniary loss resulting from the offense.

15             Parole has been abolished in our federal system.  And

16      if you are sentenced to prison, you will not be released early

17      on parole.  There is a limited opportunity to earn credit for

18      good behavior, but you will have to serve at least 85 percent

19      of the time you are sentenced to.

20             Do you understand that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  There is also a mandatory minimum fine or

23      special assessment of $100 that I'm required to impose.

24             As part of your sentence, I can also order you to make

25      restitution to any person injured as a result of your criminal

EBCVSANP                    Plea

1    conduct.  And I can also order you to forfeit certain property

2    to the government.

3            Do you understand that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Being convicted of a felony may have other

6    consequences, such as the loss of licenses or the right to

7    possess a firearm.  If you are a citizen of the United States,

8    you could lose your right to vote.  If you are not a citizen of

9    the United States, you will likely lose your right to remain in

10   the United States, and you may be deported.  This is not a full

11   list of the possible consequences of a felony conviction, but

12   these are examples.

13           Do you understand that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  There are sentencing guidelines I'm

16   required to consult to determine the appropriate sentence in

17   your case.

18           Have you spoken with your attorney about the

19   sentencing guidelines?

20           THE DEFENDANT:  Yes.

21           THE COURT:  You should understand that I will not be

22   able to determine the recommended sentencing range under the

23   guidelines until after a presentence report has been prepared,

24   and your lawyer and the government have had an opportunity to

25   comment on that presentence report.

1            Do you understand that?

2            THE DEFENDANT:  Yes.

3            THE COURT:  You should also understand that after I

4   determine what the recommended sentencing range is under the

5   guidelines and determine whether I believe that a departure,

6   either upward or downward from that range, is called for, I

7   will then determine what is an appropriate sentence in your

8   case, having in mind not only the sentencing guidelines, but

9   all of the factors set forth in the sentencing statute,

10  including the need for the sentence imposed to reflect the

11  seriousness of the offense, the need to promote respect for the

12  law, the need to provide just punishment, and the need to

13  afford adequate deterrence to criminal conduct.

14            Do you understand that?

15            THE DEFENDANT:  Yes.

16            THE COURT:  You should understand that if your

17  attorney or anyone else has attempted to estimate or predict

18  what your sentence will be, that their estimate or prediction

19  could be wrong.

20            Do you understand that?

21            THE DEFENDANT:  Yes.

22            THE COURT:  No one, not even your attorney or the

23  prosecutor, can, or should, give you any assurance of what your

24  sentence will be.  Your sentence cannot be determined until

25  after the presentence report is prepared and I have ruled on

1    any challenges to the report, determined whether I believe that

2    there are grounds to depart, upwards or downwards, from the

3    guidelines range, and otherwise determine what an appropriate

4    sentence is in your case.

5              Do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  You should fully understand that even if

8    your sentence is different from what your attorney or anyone

9    else told you it might be, or if it is different from what you

10   expect, you will still be bound by your guilty plea, and you

11   will not be allowed to withdraw your plea of guilty.

12             Do you understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  I have been given a plea agreement which I

15   marked as Exhibit 2 to these proceedings.  You told me a moment

16   ago that it bears your signature.  Was the agreement read to

17   you in Spanish before you signed it?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And did you discuss the plea agreement

20   with your attorney before you signed it?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And did you fully understand all the terms

23   of the agreement before you signed it?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Does this agreement constitute your

1  complete and total understanding of the entire agreement

2  between you and the government as to this matter?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Has anyone offered you any inducements or

5  threatened you or forced you to plead guilty or to enter into

6  this plea agreement?

7          THE DEFENDANT:  No.

8          THE COURT:  You should understand that one of the

9  terms of the agreement is that so long as I sentence you to 71

10  months imprisonment or less, you may not appeal your sentence

11  or file any sort of challenge against your sentence.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Mr. Hollembeak, do you know of any valid

15  defense that would prevail at trial or any other reason why

16  your client should not be permitted to plead guilty?

17          MR. HOLLEMBEAK:  No, your Honor.

18          THE COURT:  And do you believe that there's an

19  adequate factual basis to support a guilty plea?

20          MR. HOLLEMBEAK:  Yes, your Honor.

21          THE COURT:  Ms. Gaffney, does the government represent

22  there's an adequate factual basis to support a guilty plea?

23          MS. GAFFNEY:  Yes, your Honor, it does so represent.

24          THE COURT:  All right.

25          Then, Mr. Santos, we have reached the point in the

EBCVSANP                     Plea

proceedings where I need you to tell me what you did that makes

you believe that you are guilty of the crime charged in the

information.

           THE DEFENDANT:  Should I stand up?

           THE COURT:  Yes.

           THE DEFENDANT:  From approximately March of 2013 -- I

mean 2012, until January of 2014, I was part of a conspiracy to

launder money.  I knew that money laundering was the purpose of

a conspiracy, and I joined the conspiracy knowingly and

willingly.

        I knew that the funds that I had been requested to

launder could have been the product of illegal activities,

including the possible sale of illegal drugs, and I purposely

avoided asking about the exact origin of these funds.

        In particular, on or around March 13th of 2012, I had

a meeting with a co-conspirator in which the co-conspirator

advised me of his or her need to launder earnings.

        In response, I informed the co-conspirator that I

could launder those funds for him, in which my associates would

turn over funds to his associates in the Dominican Republic.

        Approximately -- subsequently or approximately on

January 16th of 2014, I made an agreement with a co-conspirator

to launder approximately $280,000, which the co-conspirator

would bring me and I would later, through a series of

transactions, return the money back to the co-conspirator

1   and/or his or her associates in the Dominican Republic

2   approximately one week later.

3         In exchange for my part in the conspiracy, I accepted

4   a six percent commission of any money laundered.  I also

5   discussed possible future transactions with a co-conspirator

6   and his or her associates of the same nature.  This reunion

7   occurred in person, at my place of business.

8         Both discussions were recorded by the co-conspirator

9   who was wearing a wire to further an investigation by federal

10  law enforcement agents, as set forth in the information.

11        I would like to add that I knew that my involvement in

12  the conspiracy was wrong and illegal, and I profoundly regret

13  my conduct.

14        My wife is in the courtroom today, but my children are

15  either at school or working and were unable to attend this

16  hearing.  Nevertheless, I would like for them, my wife, and God

17  and the Court to know that I profoundly regret and am sorry for

18  what I did.

19        Thank you.

20        THE COURT:  All right.

21        I gather from what you've said, Mr. Santos, that in

22  agreeing to launder the money that you've described, you were

23  working together with people down in Dominican Republic who

24  would provide the money to associates of the person you were

25  speaking with; is that right?

1              THE DEFENDANT:  I was doing the transactions.

2              THE COURT:  Right.  But the idea was to get the money

3    or to have the money provided down to the Dominican Republic,

4    right?

5              THE DEFENDANT:  Correct.

6              THE COURT:  So you had people that you were working

7    with down there.

8              THE DEFENDANT:  They would do the deals.  They would

9    come here to shop, I would lend them the money, and they would

10   make purchases.

11             THE COURT:  Because the person that you were speaking

12   with on March 13th, 2012, and January 16th, 2014, if I

13   understood you correctly, that was a person who, unbeknownst to

14   you, was working with law enforcement.

15             THE DEFENDANT:  Correct.

16             THE COURT:  Okay.  So I need you to understand that

17   that person cannot be a co-conspirator.  You understand that,

18   right?

19             THE DEFENDANT:  I didn't understand him to be a

20   co-conspirator; I just understood him to be an individual.

21   After speaking with my attorney, then I did understand the term

22   that I was supposed to use.

23             THE COURT:  All right.  Let me inquire of the

24   government.

25             I take it the government's theory for the conspiracy

here is not that Mr. Santos conspired with the informant;

that's not the theory, right?

MS. GAFFNEY:  That's right, your Honor.  The

co-conspirators here would be associates in the Dominican

Republic.

THE COURT:  All right.  So that's why I'm making sure,

Mr. Santos, that you understand that the government informant

can't serve as a co-conspirator for purposes of the charge

against you, because if someone is acting on behalf of the

government, as this person was, they can't be part of a

conspiracy.

So the theory against you would have to be that you

were working together with someone down in the Dominican

Republic to launder these narcotics proceeds.  And do you agree

that that's what you did?

THE DEFENDANT:  No, it wasn't from the sale of

narcotics.  It wasn't from the sale of narcotics.  It was these

people who have money, they had $280,000 that they wanted to be

sent down to Santo Domingo.  He asked me if I could be the

intermediary by which he could get the money there.

THE COURT:  I understand that.

What I understood you to have said is that you

suspected that these monies might be the proceeds of drug

trafficking.  You suspected that, right?

THE DEFENDANT:  Not exactly.  I understood that they

EBCVSANP                    Plea

1    might be, but I never asked.

2            THE COURT:  Right.  And I think you told me that you

3    avoided asking what the source of the money was, right?

4            THE DEFENDANT:  I didn't ask.

5            THE COURT:  Right.  But you made an intentional

6    decision not to ask what the source of the money was.

7            THE DEFENDANT:  Well, yes.

8            THE COURT:  Do you agree with that?

9            THE DEFENDANT:  Yes.

10           THE COURT:  So you told this person that you could

11   arrange for the money that person was giving you to be provided

12   down in the Dominican Republic.

13           THE DEFENDANT:  Correct.

14           THE COURT:  Now, you mentioned that you had a place of

15   business when you had these conversations about laundering

16   money.  Where was that place?  Where were you at the time?

17           THE DEFENDANT:  Here, at 1590 St. Nicholas Avenue.

18           THE COURT:  And that's in Manhattan?

19           THE DEFENDANT:  Manhattan.

20           THE COURT:  All right.

21           Does the government wish me to ask any additional

22   questions?

23           MS. GAFFNEY:  No, your Honor.

24           THE COURT:  All right.

25           Mr. Santos, at the time you were having these

EBCVSANP                        Plea

 1    conversations, did you understand that what you were doing was

 2    wrong and unlawful?

 3            THE DEFENDANT:  Not exactly.  After speaking to my

 4    attorney though, I understood how serious the case was.

 5            THE COURT:  All right.

 6            I'll ask you now, are you pleading guilty because you

 7    are guilty, and are you pleading guilty voluntarily and of your

 8    own free will?

 9            THE DEFENDANT:  Yes.

10            THE COURT:  Then I'll ask you now, how do you plead as

11    to the charge in the information, guilty or not guilty?

12            THE DEFENDANT:  Guilty.

13            THE COURT:  Does the government wish me to allocute

14    the defendant as to the forfeiture allegation?

15            MS. GAFFNEY:  Yes, your Honor.

16            THE COURT:  Mr. Santos, the information contains what

17    is known as a forfeiture allegation.  And what this provision

18    of the information does is that it puts you on notice that the

19    government seeks to recover from you all property -- real and

20    personal -- involved in the money laundering offense that you

21    just pleaded guilty to, as well as all property that's

22    traceable to such property.

23            Do you admit the forfeiture allegation that's set

24    forth in the information?

25            THE DEFENDANT:  Yes.

EBCVSANP                              Plea

1          THE COURT:  Mr. Santos, because you acknowledge that

2     you're guilty as charged in the information, because I find you

3     know your rights and you're waiving them knowingly and

4     voluntarily, because I find your plea is entered knowingly and

5     voluntarily, and is supported by an independent basis-in-fact

6     containing each of the essential elements of the offense, I

7     accept your guilty plea and adjudge you guilty to the offense

8     to which you have pleaded guilty.

9          I will order a presentence report.  I ask you to

10    cooperate with the people preparing the report, because it will

11    be important to me in making my decision as to what your

12    sentence will be.  You and your attorney will have an

13    opportunity to review the presentence report before sentencing.

14    I urge you to review it carefully with your attorney before

15    sentencing.  If there are any errors in the report, please

16    point them out to your attorney so that he can point them out

17    to me, so that I don't proceed on the basis of mistaken

18    information.

19          I'm going to put down sentencing for March 12th, 2015

20    at 2:30.  Any written submissions by defense counsel are due on

21    February 26th.  Any sentencing submissions by the government

22    are due on March 5th, 2015.

23          Are there any applications with respect to bail?

24          MR. HOLLEMBEAK:  No, your Honor.

25          THE COURT:  Ordinarily, would it be necessary for the

1    defendant to be remanded at this point?

2              MS. GAFFNEY:  Yes, your Honor.

3              THE COURT:  And you have no application in that

4    regard, Mr. Hollembeak?

5              MR. HOLLEMBEAK:  No, your Honor.

6              But I did understand that the terms of his current

7    bail package would simply continue until sentencing from our

8    discussions with AUSA Bove.

9              THE COURT:  Let me just look at the Bail Reform Act

10   for a moment.

11             What's the government's position with respect to bail?

12             MS. GAFFNEY:  Your Honor, I am standing in for a

13   colleague, AUSA Bove.  I am not sure what his position on bail

14   is.  I am prepared to rely on the representations of defense

15   counsel, if they have come to some agreement, and I have also

16   just sent him an email to try and ascertain what his position

17   is on this.

18             It's my understanding under the statute that remand is

19   generally what happens here.  But I'm gathering more

20   information.

21             THE COURT:  All right.

22             I'm looking at the Bail Reform Act; specifically, I'm

23   looking at Section 3143 of Title 18.  And this is not a crime

24   of violence, nor is it a controlled substance offense, nor is

25   it an offense for which the maximum sentence is life

 1  imprisonment or death.  So it does not fall within Section

 2  3143(a)(2).

 3          Under Section 3143(a), Congress instructs, "The

 4  judicial officer shall order that a person who has been found

 5  guilty of an offense, and who is awaiting imposition or

 6  execution of sentence, other than a person for whom the

 7  applicable guideline promulgated pursuant to 28 U.S.C. 994 does

 8  not recommend a term of imprisonment, be detained, unless the

 9  judicial officer finds by clear and convincing evidence that

10  the person is not likely to flee or pose a danger to the safety

11  of any other person or the community if released.

12          "If the judicial officer makes such a finding, such

13  judicial officer shall order the release of the person in

14  accordance with Section 3142(b) or (c)."

15          So I don't have anything in front of me regarding

16  Mr. Santos's ties with the community.  I am familiar with the

17  terms of his current bail package, but I would not be

18  comfortable making a finding under 3143 without review of the

19  pretrial services report.

20          Does anyone have the pretrial services report or has

21  that been returned to the pretrial services officer?

22          MS. GAFFNEY:  The government does not have a copy of

23  it.

24          THE COURT:  Mr. Hollembeak, do you have a copy of it?

25          MR. HOLLEMBEAK:  I don't have one here with me, no.

1          THE COURT:  All right.  So what I'm going to do with

2     respect to bail is I will continue the current package, which I

3     understand to be a $250,000 personal recognizance bond secured

4     by the signature of one financially-responsible person, as well

5     as equity in a residence in Elizabeth, New Jersey.  But I'm

6     going to put the matter down for a hearing to review the

7     propriety of that package in light of the defendant's guilty

8     plea, because, as I indicated, I have to make certain findings

9     on the record as to whether there's clear and convincing

10    evidence that Mr. Santos is not likely to flee, nor that he

11    faces or poses a danger to the community.  So in order for me

12    to do that, I need to have a lot more background information

13    concerning Mr. Santos than I have now.

14          So, Mr. Ruocco, can we put this on for some time, say,

15    early Friday morning perhaps.

16          All right.  I'm going to put it down for 3 o'clock on

17    Friday.  We'll contact pretrial services directly about the

18    pretrial services report.

19          Between then and now, Ms. Gaffney, you'll tell

20    Mr. Bove that this issue came up, and that I need to know what

21    the government's position is on bail.

22          MS. GAFFNEY:  Absolutely, your Honor.

23          THE COURT:  All right.  So the current package remains

24    in effect.

25          I will conduct a hearing at 3 o'clock on Friday to

EBCVSANP                          Plea

1   determine whether that package will remain in effect or whether

2   it's necessary to remand the defendant pending sentencing.

3             Anything else we should discuss today?

4             MS. GAFFNEY:  Not from the government, your Honor.

5             MR. HOLLEMBEAK:  Nothing from the defense.

6             THE COURT:  All right.

7                              *    *    *